UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS G. WILKINSON,

        Plaintiff,

v.                                                  Case No. 06-C-1288

WELLS FARGO BANK MINNESOTA et al.,

        Defendants.

**ORDER**

Plaintiff Thomas G. Wilkinson has brought an action against defendants under the Fair Debt Collections Practice Act, 15 U.S.C. § 1692 *et seq*; a federal criminal mail-fraud statute, 18 U.S.C. § 1341; certain provisions of the Postal Service Act concerning non-mailable material and false representations, 39 U.S.C. §§ 3001 and 3005; and several state laws. In addition to the complaint, plaintiff has filed a motion for leave to proceed *in forma pauperis* along with his declaration of assets and income. From these filings, however, it is evident that Mr. Wilkinson is not indigent. Generally speaking, *in forma pauperis* status is reserved for those plaintiffs who are incarcerated or who have almost no means at their disposal. *See* 28 U.S.C. § 1915. Here, the plaintiff indicates that he owns a house, two cars, and is employed, with a monthly income of more than $2,100. It is not unreasonable to expect that a plaintiff who believes in the merits of his case would be willing and able to pay the $350 filing fee under these circumstances. Plaintiff will be given 30 days within which to pay the filing fee. If he fails to do so, the case will be dismissed without prejudice.

Plaintiff's initial filings include a lengthy complaint, exhibits and filings from state court proceedings, numerous motions and supporting briefs, discovery requests, and a petition for a writ

of mandamus. In light of this massive initial filing of roughly 200 pages, the Court directs plaintiff's attention to Rule 8 of the Federal Rules of Civil Procedure, which requires plaintiff to submit "a short and plain statement of the claim, showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Court realizes that plaintiff is proceeding *pro se*, and that the pleadings of *pro se* plaintiffs are to be given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a *pro se* plaintiff is nevertheless bound to comply with the rules governing the filing of a complaint. It is not the court's duty to sift through a massive filing in an attempt to discern a "short and plain statement of the claim."

Plaintiff has also requested that counsel be appointed to represent him in this matter. This request will be denied. Plaintiff has not claimed he lacks the financial resources to hire counsel on his own, but even if he had claimed as much, indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent an indigent litigant, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. *Id.* at 1072-73. Once the plaintiff has established that his reasonable efforts to obtain counsel were unsuccessful, I may consider a nonexhaustive list of five factors:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Id*. at 1072.

Plaintiff does not indicate that he contacted any attorneys but was unsuccessful in obtaining representation. This may be an avenue worth pursuing. If an attorney believes that his case has merit, he or she may agree to represent him on a contingency fee basis at no cost to him. In truth, this is how most civil rights plaintiffs obtain representation. In addition, attorneys fees are recoverable from the defendant(s) in the event plaintiff prevails on his claim. Thus, if he has not done so already, plaintiff may wish to retain counsel on his own.

In the event he is unable to obtain representation in this manner, however, he will have to represent himself, at least for now. From the bare allegations of the complaint, I am unconvinced that the case has sufficient merit to appoint counsel. In addition, plaintiff is not incarcerated or otherwise incapacitated, and I see no reason that he would not be able to represent himself at this time. There is no showing that the claim is legally or factually complex such that attorney representation would be essential to ensure a just result. While facts may surface in the future that suggest otherwise, I conclude for now that plaintiff will be able to adequately represent himself. Accordingly, his request for appointment of counsel will be denied without prejudice.

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* is hereby **DENIED.** If plaintiff fails to pay the filing fee within 30 days of the date of this order, the case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's request for the appointment of counsel is **DENIED.**

Dated this   18th   day of December, 2006.

s/ William C. Griesbach
William C. Griesbach
United States District Judge