THOMAS G. WILKINSON,

       Plaintiff,

v.                                                  Case No. 06-C-1288

WELLS FARGO BANK MINNESOTA, et al.,

       Defendants.

## ORDER FOR RULE 11 SANCTIONS

This order follows upon the court's decision of May 9, 2007, granting the defendants' motion to dismiss the above matter for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 8 and 12(b)(6). The court concluded that the plaintiff's forty-five page complaint failed to meet the requirement of Fed. R. Civ. P. 8 for a short, plain statement of the claims. In addition, the court noted that the complaint had numerous other defects, and, specifically with respect to defendant Citibank, wholly failed to state any claim for relief. In fact, Citibank noted that the complaint shared several characteristics of other complaints that had been filed against it in other districts and that had been found deserving of Rule 11 sanctions. The complaint alleged the violation of non-existent statutes, as well as statutes that do not provide for private or civil causes of action.

With respect to the plaintiff's central claim that the defendants had violated the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. §§ 1692 et seq., the court noted that the Citibank was not a debt collector and therefore was not bound by the provisions of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004). The Seventh Circuit has cautioned,

"individuals who do not otherwise meet the statutory definition of 'debt collectors' cannot be held liable under the act" and suits against those "who are not otherwise debt collectors are frivolous and might well warrant sanctions." *Pettit v. Retrieval Masters Credit Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000). Even aside from these defects, the complaint lacks any suggestion that Citibank was even involved in efforts to collect any debt Wilkinson may have owed. The allegations of the complaint relate primarily to the debt or debts plaintiff claims Wells Fargo and its attorneys were attempting to collect.

In any event, the court concluded in its decision granting the motion to dismiss that sanctions may be appropriate not only to compensate the parties who have been forced to incur attorneys' fees, but also to signal to plaintiff that frivolous suits harm the judicial system. In order to give plaintiff an opportunity to respond, the court conducted an Order to Show Cause Hearing on May 31, 2007. Plaintiff appeared in person and was provided an opportunity to explain what efforts he had made to determine whether the claims he was making against Citibank were valid. The court found from plaintiff's presentation at the hearing and from all of the pleadings and records in this matter that plaintiff has violated Rule 11 in that the claims asserted against Citibank are not warranted by existing law or a non-frivolous argument for their extension. The court further found that plaintiff did not engage in any reasonable investigation or effort to determine whether his claims against the Citibank defendants were supported under existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. Based upon the foregoing, the court found that the defendant filed the suit against Citibank for an improper purpose, such as to harass Citibank. The court also finds plaintiff's allegation that the Citibank defendants "are affiliated and can act for one another, or in their own corporate

2

capacity's, [sic] to take the place of Wells Fargo Bank Minnesota" (Compl. at 13) has no evidentiary support and it is clear from the allegations of the complaint that plaintiff conducted no investigation to determine whether such support existed.

Based upon these findings, the court awarded Citibank One Thousand Dollars, representing less than a third of the attorney fees it expended in the matter. The clerk is now directed to enter judgment dismissing the complaint on its merits and with prejudice and awarding Citibank defendants attorneys' fees pursuant to Fed. R. Civ. P. 11(b) in the amount of $1,000.00.

**SO ORDERED** this   5th   day of June, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
